**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Douglas Siple, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12 C 4019 |
| ) | |
| AllianceOne Receivables Management, ) | |
| Inc., a Delaware corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Douglas Siple, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Douglas Siple ("Siple"), is a citizen of the State of Pennsylvania, from whom Defendant attempted to collect a delinquent consumer debt owed to Credit First, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program

("LASPD"), located in Chicago, Illinois.

4.     Defendant, AllianceOne Receivables Management, Inc. ("AllianceOne"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From offices throughout the United States and overseas (Jamaica, Canada, Philippines, and India), Defendant AllianceOne operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois.  In fact, Defendant AllianceOne was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant AllianceOne is authorized to conduct business in Illinois, maintains a registered agent here and has its President based here in Oakbrook, Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, AllianceOne conducts business in Illinois.

6.     Moreover, Defendant AllianceOne is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, AllianceOne acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.     Mr. Siple is a disabled man, with limited assets and income, who fell behind on paying his bills.  When AllianceOne began trying to collect the Credit First debt from Mr. Siple, by sending him a collection letter dated May 11, 2011, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant AllianceOne's collection actions.  A

copy of AllianceOne's May 11, 2011 collection letter is attached as Exhibit C.

    8.    Accordingly, on June 10, 2011, one of Mr. Siple's attorneys at LASPD informed AllianceOne, in writing, that Mr. Siple was represented by counsel, and directed AllianceOne to cease contacting him, and to cease all further collection activities because Mr. Siple was forced, by his financial circumstances, to refuse to pay his unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

    9.    Nonetheless, Defendant AllianceOne called Mr. Siple directly multiple times including, but not limited to, telephone calls on June 21, 2011, June 22, 2011, June 23, 2011, June 24, 2011, June 27, 2011, June 28, 2011, June 30, 2011, July 5, 2011, July 7, 201 and July 11, 2011, from telephone number 888-419-2387, to attempt to collect the Credit First debt.

    10.    Defendant AllianceOne's collection actions complained of herein occurred within one year of the date of this Complaint.

    11.    Defendant AllianceOne's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

    12.    Plaintiff adopts and realleges ¶¶ 1-11.

    13.    Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  See, 15 U.S.C. § 1692c(c).

14.	Here, the letter from Mr. Siple's, agent/attorney, LASPD, told Defendant AllianceOne to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment, Defendant AllianceOne violated § 1692c(c) of the FDCPA.

15.	Defendant AllianceOne's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

16.	Plaintiff adopts and realleges ¶¶ 1-11.

17.	Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

18.	Defendant AllianceOne knew that Mr. Siple was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant AllianceOne to cease directly communicating with him.  By directly calling Mr. Siple, multiple times, despite being advised that he was represented by counsel, Defendant AllianceOne violated § 1692c(a)(2) of the FDCPA.

19.	Defendant AllianceOne's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See,

15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Douglas Siple, prays that this Court:

1. Find that Defendant AllianceOne's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Siple, and against Defendant AllianceOne, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Douglas Siple, demands trial by jury.

                                    Douglas Siple,

                                    By: /s/ David J. Philipps
                                    One of Plaintiff's Attorneys

Dated: May 23, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5